UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE   NO.   09-61079-CIV-COHN
MAGISTRATE JUDGE P. A. WHITE

TRAVIS RAINEY,                     :

   Plaintiff,              :

v.                                :           REPORT OF
              MAGISTRATE JUDGE

DARREN RUSH, ET AL.,              :

   Defendants.             :
_____

## I. Introduction

The plaintiff Travis Rainey, housed at the Glades Correctional Institution, has filed a pro se civil rights complaint and amended complaint pursuant to 42 U.S.C. §1983 concerning events that transpired in Broward County, Florida beginning on January 7, 2005. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

                    *    *    *

(B) the action or appeal –

                    *    *    *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e) "where it
lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,
1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," id., 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)").  In order

2

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

3

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff raises claims arising out of his January 7, 2005 arrest and subsequent criminal conviction. The plaintiff alleges that two Broward County Deputy Sheriffs engaged in an illegal search and seizure in conjunction with a traffic stop and these officers, in concert with an assistant state attorney, engaged in malicious prosecution during a suppression hearing held on July 18, 2005. The plaintiff was sentenced to life in prison for robbery with a weapon on November 21, 2005, according to the FDOC website.

To the extent that any defendant may have violated the plaintiff's Fourth Amendment rights by engaging in an illegal search and seizure, or otherwise violated his constitutional rights on the date of arrest, such claims are barred by the applicable statute of limitations.

A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from January 7, 2005 to file a civil action alleging a violation of his constitutional rights premised on alleged unconstitutional activity on the date of arrest. He missed the deadline by filing his Complaint with the Clerk of Court in July, 2009, after the limitations period expired.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law.  The Court further held that these cases are best characterized as personal injury actions.  Such claims in Florida are governed by <u>Fla.Stat.</u> §95.11(3)(a), actions founded on negligence, or <u>Fla.Stat.</u> §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (l989).  Florida has a general tolling statute, <u>Fla.Stat.</u> §95.05l, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years.  The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included.  <u>McMillen v. Hamilton</u>, 48 So.2d 162 (Fla. 1950); <u>Fla.R.Civ.P.</u> 1.090(a).  Because the alleged unconstitutional conduct on the date of arrest occurred on January 7, 2005 , his last day to file a civil action was January

7, 2009.   The complaint in this case was filed in July, 2009, beyond the expiration of the four year period of limitations.

In addition, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted).   Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005); see also Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005). Consequently, an aggrieved plaintiff must bring a federal civil rights suit challenging the legality of a search or an arrest within four years of the search or arrest; he cannot wait until the conviction is declared invalid.

Furthermore, any claim of malicious prosecution with regard to the suppression hearing or any other aspects of the state criminal proceedings is premature.   In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d 1235, 1240-41 (11 Cir. 1996); Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). The plaintiff has not alleged that his conviction has terminated in his favor and, accordingly, any claim of malicious prosecution should be dismissed as premature.

III.   <u>Conclusion</u>

It is therefore recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 24th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Travis Rainey, <u>Pro Se</u>
     DC No. L16203
     Glades Correctional Institution
     500 Orange Avenue Circle
     Belle Glade, FL 33430-5222