UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61079-CIV-COHN/WHITE

TRAVIS RAINEY,

    Plaintiff,

vs.

DARREN RUSH, et. al.,

    Defendants.
_____/

## ORDER SUSTAINING OBJECTION AND REFERRING EQUITABLE TOLLING ISSUE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge Patrick A. White [DE 7]. The Court has reviewed the Plaintiff's Complaint [DE 1], the Magistrate Judge's Report, Plaintiff's Objection to Report and Recommendation of the Magistrate [DE 11], and is otherwise fully advised in the premises.

### I. BACKGROUND

On July 20, 2009, Plaintiff Travis Rainey filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"). The Complaint alleges that on January 7, 2005, Defendants Darren Rush and Tom Sheridan, deputies from the Broward County Sheriff's Office (collectively, "the Deputies"), conducted a traffic stop of a vehicle wherein Plaintiff was a passenger.[1] Deputy Rush saw what appeared to be a firearm on a white box on the floorboard on the rear passenger side of the vehicle. Immediately thereafter, the Deputies placed Plaintiff and the other three occupants of the vehicle in custody. The Deputies then searched the vehicle and discovered that the

---

[1] All facts alleged in the Complaint are taken as true for the purposes of this Order.

item Deputy Rush believed to be a firearm was actually a pellet gun.

While Plaintiff was in custody, the Broward County Sheriff's Office issued a "Be on the Lookout" ("BOLO") for two black males. Pursuant to the BOLO, the deputies continued to search the vehicle. Upon the further search, Plaintiff's "fanny pack was found and Plaintiff was charged and prosecuted for robbery." DE 1 at 5.

Subsequently, on July 18, 2005, a suppression hearing was held in Florida state court to determine the admissibility of the evidence obtained during the traffic stop. At the hearing, Plaintiff alleged that the Broward County Sheriff's Department violated his Fourth Amendment right against illegal searches and seizures. Specifically, Plaintiff contends that "at the point where the Defendants ascertained that the purported firearm, was instead, a pellet BB gun, their non-consensual intrusion into the vehicle should have terminated under Fourth Amendment principles." Id. at 5-6.

According to Plaintiff, to justify the further search of the vehicle to the state trial judge, "the Defendants in conspiracy with the state prosecutor . . . intentionally testified untruthfully to the Court by attesting that their search was further justified inasmuch as during their search, a BOLO was issued for four (4) black males riding in a boxy dark-colored vehicle with an inoperable right trail light." Id. at 6. The Plaintiff was then sentenced to life in prison for robbery with a weapon on November 21, 2005.

Plaintiff now contends that he learned, post-verdict, a BOLO was never issued for four black males and that the "Defendants did unlawfully and illegally, lie under oath . . . solely for the purpose of justifying their illegal and unconstitutional conduct." Id. Plaintiff therefore argues that "the Defendants acting under the color of state law deprived him of due process, intentionally withheld exculpatory evidence, causing him

emotional distress, alienation of feelings towards other fellow American citizens, loss of respect for government, loss of personal dignity [and] that these actions were motivated by racial discrimination against Black Americans, and that their judicial deception was with callous, willful and reckless indifference to his Fourth and Fourteenth Amendment rights warranting punitive damages." Id. at 7.  Accordingly, Plaintiff seeks $50,000 "for the violation of civil rights and grossly offensive conduct." Id. at 8.

Judge White reviewed the Plaintiff's Complaint for initial screening pursuant to 28 U.S.C. § 1915.  After reviewing the Complaint, Judge White concluded that "[t]o the extent that any defendant may have violated the plaintiff's Fourth Amendment rights by engaging in an illegal search and seizure, or otherwise violated his constitutional rights on the date of arrest, such claims are barred by the applicable statute of limitations." DE 7 at 4.  Specifically, Judge White concluded that Plaintiff "had four years from January 7, 2005 [i.e., the date of the allegedly illegal search and seizure] to file a civil action alleging a violation of his constitutional rights premised on alleged unconstitutional activity on the date of arrest." Id.  Judge White, therefore, recommended "that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that this case be closed." Id. at 7.

Plaintiff filed a timely objection.  In his objection, Plaintiff contends that he "employed due diligence during post-conviction investigation, and it was discovered, the named Defendants, law enforcement and the prosecutor, knowingly, intentionally committed perjury under oath to justify the Fourth Amendment violative search." DE 11 at 3.  Plaintiff maintains that he did not learn of the allegedly improper conduct until

October 13, 2008 "when certain documentations were disclosed to Plaintiff through due diligence." Id. at 4. Plaintiff also "alleges that these pertinent documents were intentionally concealed." Id. Thus, Plaintiff asserts, the statute of limitations should be tolled.

## II. DISCUSSION

To benefit from the doctrine of equitable tolling, Petitioner must show two things: 1) he failed to discover, and could not have discovered, the facts underlying his claim before the applicable statute of limitations ran; and 2) Plaintiff failed to discover the facts underlying his claim because Defendants prevented Plaintiff from discovering the facts by "fraudulent means." Ambrister v. Roland Intern. Corp., 667 F. Supp. 802, 810 (M.D. Fla. 1987) (citing Sellers v. A.H. Robins Co., 715 F.2d 1559 (11th Cir. 1983); Prather v. Neva Paperbacks, Inc., 446 F.2d 338 (5th Cir.1971); Nardone v. Reynolds, 333 So. 2d 25 (Fla. 1976)); see also Johnson v. McNeil, 278 Fed. App'x 866, 872 n.3 (11th Cir. 2008).

Plaintiff's allegations, taken as true at this stage in the proceedings, show that he failed to discover, and could not have discovered, the facts underlying his claim before the applicable statute ran and that he failed to discover the facts underlying his claim because Defendants prevented Plaintiff from discovering the facts by "fraudulent means." Stated differently, Plaintiff's allegations support Plaintiff's contention that the statute of limitations should be tolled.[2]

---

[2] The Court makes no finding regarding Plaintiff's claim that the statute of limitations in this case should be equitably tolled and refers the issue to Judge White for his determination.

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Objection [DE 11] is **SUSTAINED**.

2. The matter is re-referred to Magistrate Judge Patrick A. White for determination of equitable tolling issue raised by Mr. Rainey.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of November, 2009.

JAMES I. COHN
United States District Judge

Copies provided to the following:

All counsel of record.

Travis Rainey, *pro se*
DC No. L16203
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL 33430-5222